VILLAGE OF WAVERLY v. WAVERLY WATER CO. et al.

(Supreme Court, Appellate Division, Third Department.    June 18, 1908.)

1. EMINENT DOMAIN—PROCEEDINGS TO TAKE PROPERTY—INABILITY TO AGREE
   WITH OWNER—PETITION—SUFFICIENCY.

   Village Law, Laws 1897, pp. 390, 434, c. 414, §§ 88, 222, require the board
   of trustees of a village to exercise the functions of a board of water com-
   missioners, and authorize the board of water commissioners to purchase
   a system of waterworks, and, if it cannot agree with the owner thereof,
   it may acquire the same by condemnation.  Code Civ. Proc. § 3360, pro-
   vides that the petition for condemnation shall show that plaintiff has
   been unable to agree with the owner of the property for its purchase, and
   the reason of such inability.  The board of trustees of a village adopted
   and submitted to a water company a resolution for the purchase of the
   water plant of the company for a specified sum.  No answer was made
   by the company.  The village subsequently requested the company to make
   an offer, which it neglected to do, and it refused to enter into negotia-
   tions with the village.  Held to show inability of the village to agree with
   the company on a price, authorizing the institution of condemnation pro-
   ceedings.

2. MUNICIPAL CORPORATIONS—FUNDED DEBTS—CREATION.

   General Municipal Law, Laws 1892, p. 1734, c. 685, § 5, providing that
   an ordinance of a municipal corporation creating a funded debt shall
   provide for the raising annually by tax a sum sufficient to pay the inter-
   est and principal, is not applicable to a resolution adopted by the tax-
   payers of a village for the purchase of a water works system, for a pro-
   vision for a tax can only be made for a debt certain and definite.

   Sewell, J., dissenting.

Appeal from Special Term, Tioga County.

Proceedings by the village of Waverly to condemn the property of
the Waverly Water Company.  From an order overruling objections
to the amended petition of plaintiff, the Waverly Water Company and
another, as trustee for the mortgage bondholders of the company and
another, appeal.  Affirmed.

See 101 N. Y. Supp. 1070.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCH-
RANE, and SEWELL, JJ.

Frederick E. Hawkes, for appellant Waverly Water Co.

Reynolds, Stanchfield & Collin (Fred'k A. Collin, of counsel), for
appellant Fred A. Sawyer as trustee for the mortgage bondholders
of Waverly Water Co.

J. B. Floyd, for appellant George H. Goff.

Frank A. Bell and Myron N. Tompkins (Randolph Horton, of coun-
sel), for respondent.

SMITH, P. J.  The purpose of this proceeding is to condemn the
property of the Waverly Water Company.  Under section 221 of the
village law (chapter 414, p. 433, Laws 1897), the board of trustees of
the village submitted to the taxpayers thereof the following question:

"Shall the village of Waverly, by and through its board of trustees, acquire
the existing private system of waterworks of Waverly Water Company of
said village of Waverly, including its mains, lands, easements, rights, and
property, at a price not to exceed the sum of one hundred and twenty-five
thousand dollars ($125,000), and issue therefor the bonds of the said village
of Waverly, as provided in section 128 and 129 of the village law."

This proposition received the affirmative vote of the taxpayers of said village. Thereafter the board of trustees passed the following resolution, which was submitted to the Waverly Water Company:

"Resolved that the president and clerk of the board of trustees of the village of Waverly, N. Y., be and they hereby are authorized and directed to make an offer in writing to purchase for and on behalf of the village of Waverly, N. Y., all the plant, franchises, water rights, lands, dams, easements, pipes, mains, reservoirs, hydrants and other property essential and appurtenant to a water supply which belongs to the Waverly Water Company at and for the sum of $105,-000, the same to be free and clear from any and all liens and incumbrances thereon, and that said offer be served on said company, and a duplicate thereof filed in the office of the clerk of the county of Tioga."

The petition of the village further alleges that the village of Waverly has been unable to agree with the owners of the property for its purchase; that plaintiff has attempted to acquire the property affected from its owners; that upon at least two occasions it has requested the defendant the Waverly Water Company to furnish a price for which the said company would sell the said property, and the company neglected and refused to give or state a price or sum at which it would sell the same; that the plaintiff has employed competent and skillful engineers to examine the plant and property and estimate its value, and such engineers have estimated such value at the sum of $86,353; that the plaintiff has asked the defendant the Waverly Water Company for the privilege of examining its books relative to the sizes and time of laying its mains, the amount of its gross income, the expenses and other information concerning the value of such property, and such examination has been refused; that plaintiff has offered the defendant the Waverly Water Company the sum of $105,000 for such property, which offer has been ignored, and said defendant has refused and neglected to enter into negotiations with the plaintiff for the purchase of said property.

Upon such allegations the defendant relies upon this appeal mainly upon two preliminary objections:

First. That there is no sufficient allegation of inability upon the part of the board of trustees of the village of Waverly to agree upon a price.

Secondly. That the resolution adopted by the taxpayers of the village was insufficient to authorize the condemnation of this property, inasmuch as it failed to provide for raising annually by tax a sum sufficient to pay the interest and principal of the bonds as the same should become due.

As to the first objection, it is provided in section 3360 of the Code of Civil Procedure that the petition in a condemnation proceeding shall show that the plaintiff has been unable to agree with the owner of the property for its purchase, and the reason of such inability. By section 222 of the village law it is provided:

"If a proposition be adopted for the acquisition of an existing system of waterworks, the board of water commissioners may purchase the same at a price not exceeding the sums specified therein. If the board cannot agree with the owners of the system for its purchase, proceedings may be taken to acquire the same by condemnation. * * *"

By section 88 of the village law the board of trustees of a village are required to exercise all the functions of a board of water commissioners, if there be no board of water commissioners appointed. It is strenuously insisted that the only effort on the part of the board of trustees to endeavor to agree with the water company upon a price was in the resolution which required that the property should be sold by the water company free and clear of all liens and liabilities, which was known to be an impossibility by the board of trustees when the resolution was passed. The water company had issued bonds to the amount of $70,000, which were secured by a mortgage upon the property. These bonds were naturally distributed among many holders, who might demand premiums upon their bonds. It is insisted, therefore, that the proposition submitted was an impracticable one, and was therefore not issued in good faith. If this were the only effort upon the part of the board of trustees, defendant's contention would be well founded. But by the petition it appears that no answer was made by the Waverly Water Company to this proposition, and no attempt on its part to come to any agreement. It further appears that the village of Waverly has at least upon two occasions requested them to make an offer, which they have neglected and refused to make, has requested permission to examine their books to ascertain the extent of their property, and, finally, that the said water company has refused and neglected to enter into negotiations with the plaintiff for the purchase of said property. It is contended that this endeavor to agree must be made by the board of trustees of the village, and that an allegation of an endeavor on the part of the village is not sufficient. In the condemnation law, however, the provision is that the plaintiff must make the endeavor to agree, and, as the village can only act through its board of trustees, it seems clear to me that, when the two statutes are read together, there is a sufficient allegation of an endeavor and inability to agree. The fruitlessness of such an endeavor could hardly be more strongly alleged than in the allegation of a refusal on the part of the defendant company to enter into negotiations therefor.

Defendant's second contention presents greater difficulty. Section 5 of the general municipal law (chapter 685, p. 1734, Laws 1892) reads as follows:

"A funded debt shall not be contracted by a municipal corporation except for a specific object expressly stated in the ordinance or resolution proposing it; nor unless such ordinance or resolution shall be passed by a two-thirds vote of all the members elected to the board or council establishing it, or submitted to and approved by the electors of the town or county, or taxpayers of the village or city when required by law. Such ordinance or resolution shall provide for the raising annually by tax a sum sufficient to pay the interest and principal as the same shall become due."

This resolution adopted by the taxpayers of the village did not provide for the raising annually by tax of a sum sufficient to pay the interest and principal as the same should become due. The learned judge at Special Term has held that no funded debt is contracted by authority of this resolution, and that this provision, therefore, of the municipal law was inapplicable. Without passing upon this question, we think the section is inapplicable for another reason. Such a provi-

sion as is contemplated by the section for the annual contribution to the payment of a funded debt can only be made for a debt that is in itself certain and definite. It cannot be known until the final outcome either of the negotiation or of the condemnation proceedings what amount is required to be raised, and whether it will be necessary to create any funded debt whatever for the purpose, or, if so, the nature of the payments that should. be made thereon. In our opinion, therefore, this provision was not intended to apply to a proposition submitted for this purpose; the extent of the liability therefor being wholly incapable of ascertainment at the time of the passage of the resolution.

We have examined the other objections raised to the plaintiff's petition, and agree with the Special Term that they should be overruled. The order must therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except SEWELL, J., who dissents.